# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PEGGY POPHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:15-CV-197-TLS |
| ) | |
| KEYSTONE RV COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Plaintiff, Peggy Popham, filed an Amended Complaint [ECF No. 6] against the Defendant, Keystone RV Company. On September 19, 2016, this Court issued an Opinion and Order granting summary judgment to the Defendant on all claims in the Amended Complaint except for the claim premised on the Indiana and Texas consumer protection laws. The Defendant filed a second Motion for Summary Judgment [ECF No. 42] as to that claim.

## BACKGROUND OF THE DISPUTE

The following facts are undisputed. The Plaintiff is a resident of Texas. (Popham Aff. ¶ 6, ECF No. 46-1; Pl.'s Interrog. Answers No. 2, ECF No. 44-1.) On May 8, 2013, the Plaintiff purchased an RV that was manufactured by the Defendant, an Indiana business entity. (Popham Aff. ¶ 3; Nusbaum Aff. ¶¶ 3–4, ECF No. 44-3.) On March 31, 2015, the Plaintiff discovered that the RV's roof was wearing and bubbling in certain areas and that the walls were disconnecting from studs and their supporting frames, so the Plaintiff promptly notified the Defendant to remedy them. (Popham Aff. ¶¶ 15–16; Nusbaum Aff. ¶¶ 9, 11.) The Plaintiff filed her initial Complaint [ECF No. 1] on May 7, 2015, which was amended on June 29, 2015, alleging federal and state law claims and seeking relief in the form of actual damages and statutory damages for

the alleged violations or, in the alternative, relief in the form of rescission of the contract. The Defendant filed an Answer [ECF No. 7] on July 15, 2015. On January 11, 2016, the Defendant filed a Motion for Summary Judgment [ECF No. 14], while the Plaintiff filed a Motion for Partial Summary Judgment [ECF No. 23] on March 3, 2016. After full briefing, the Court denied the Plaintiff's Motion and granted in part and denied in part the Defendant's Motion.

The sole remaining claim in the Amended Complaint "is for violation of . . . the Indiana Deceptive Consumer Sales Act and/or the Texas Deceptive Trade Practices Consumer Protection Act" based on the Defendant's alleged representations during the transaction, the design of the vehicle, and the Defendant's breach of warranty. (Am. Compl. ¶¶ 59–61, ECF No. 6.) The Court's denial of the Defendant's Motion was without prejudice so the Defendant could apply choice-of-law issues and fully address the question of which state's law governs the remaining consumer protection claim. Pursuant to the Court's Opinion and Order, the Defendant filed a second Motion for Summary Judgment [ECF No. 42] on October 19, 2016. On October 31, 2016, the Plaintiff filed her Response [ECF No. 46], and the Defendant's Reply [ECF No. 28] was entered on November 15, 2016.

**STANDARD OF REVIEW**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in that party's favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*,

652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

For a grant of summary judgment to be fair, each party must have an opportunity to present its full argument on an issue. *Edwards v. Honeywell, Inc.*, 960 F.2d 673, 674–75 (7th Cir. 1992). It is improper for a district court to grant summary judgment on grounds to which neither party had an opportunity to respond. *Id.*; *see also Costello v. Grundon*, 651 F.3d 614, 635 (7th Cir. 2011) (citing *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006) ("[I]f the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision.")).

**DISCUSSION**

This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over the consumer protection claim because the parties are citizens of different states and the aggregated amount in controversy exceeds $75,000. A federal court exercising diversity jurisdiction must apply the substantive law of the forum in which it sits, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including that pertaining to choice of law, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Courts "do not worry about conflict of laws unless the parties disagree on which state's law applies." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 587 n.1 (7th Cir. 2012) (quoting *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009)). Both parties agree that Texas law controls the remaining claim, so the Court will apply Texas law.

The Plaintiff alleged a claim for violation of the consumer protection laws of Texas, known as the Texas Deceptive Trade Practices Act (TDTPA). To prevail under the TDTPA, Tex. Bus. & Com. Code § 17.41, *et seq.*, a plaintiff must establish that: (1) the plaintiff is a consumer;[1] (2) the act complained of was a producing cause of actual damages; and (3) the act was prohibited by sections 17.50(a)(1)–(4). *Lochabay v. Sw. Bell Media, Inc.*, 828 S.W.2d 167, 171 (Tex. Ct. App. 1992). Such prohibited acts are those enumerated in section 17.46, which include, in relevant part:

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;
> \* \* \*

---

[1] Section 17.45(4) defines "consumer" as "an individual . . . who seeks or acquires by purchase or lease, any goods or services." A plaintiff must meet two tests to qualify as a consumer: (1) the person must have sought or acquired goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint. In this case, the Plaintiff satisfies both elements.

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

Tex. Bus. & Com. Code § 17.46.[2] "Intent to misrepresent, or knowledge that a representation is untrue, has never been an element of a [TDTPA] 'laundry list' claim unless the specific provision requires intent." *Smith v. Herco, Inc.*, 900 S.W.2d 852, 859 (Tex. Ct. App. 1995) (quoting *Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex. 1980)). An action may not commence unless a consumer "give[s] written notice to the person at least 60 days before filing the suit." Tex. Bus. & Com. Code § 17.505(a). However, 60 days written notice is not required if such notice is "rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations." *Id.* § 17.505(b). If no excuse exists for the written notice, the "person against whom a suit is pending" may request the court abate the suit, which the court must do if it "finds that the person is entitled to an abatement because notice was not provided." *Id.* § 17.505(c)–(d).

The first hurdle that the Plaintiff's TDTPA claim must overcome are these notice requirements in sections 17.505(a) and 17.505(b). The Plaintiff failed to comply with the written notice requirements of the TDTPA, but Texas law excuses a plaintiff from providing 60 days written notice if the statute of limitations would expire within that timeframe. *Id.* § 17.505(b). The Plaintiff discovered the roof defect on March 31, 2015, so providing 60 days written notice would have delayed filing the Complaint until May 31, 2015, after the Limited Warranty's expiration. The limitations provision in the Limited Warranty states that "[a]ny action to enforce this limited warranty or any implied warranty shall not be brought more than one (1) year after

---

[2] Section 17.50(a) also lists as prohibited acts "breach of an express or implied warranty" and "any unconscionable action or course of action by any person." As the Court explained in its Opinion and Order on September 19, 2016, the Plaintiff's claims for breach of warranty and unconscionability fail as a matter of law. (Opinion & Order 7–14, ECF No. 41.)

5

expiration of the one (1) year term of this limited warranty." (Am. Compl. Ex. 3 at 23.) Based upon a plain reading of its terms, the Limited Warranty only applies to claims for breach of warranty and does not limit the applicable period to bring statutory claims sounding in fraud or misrepresentation, like a TDTPA claim. Thus, it appears that the Plaintiff failed to provide pre-suit written notice to the Defendant without excuse.[3] Indeed, the Defendant listed as an affirmative defense in its Answer that "Plaintiff[] failed to comply with the Act by providing [Defendant] with written notice and an opportunity to cure." (Answer 16, ECF No. 7.)

However, the Defendant's pleading of an affirmative defense was technically incorrect. The TDTPA requires that the Defendant file a "plea for abatement not later than the 30th day after the date the person files an original answer," which the Defendant failed to do here. Tex. Bus. & Com. Code § 17.505(c). "A defendant who fails to make a timely request for abatement waives his objection to the lack of notice." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992). Raising the issue of notice as an affirmative defense in an answer is no substitute for following the statutory requirement of filing a plea for abatement. *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 347–48 (D.N.J. 2014) (denying motion to dismiss a TDTPA claim because defendant moved to "dismiss the TDTPA claim on the basis of failure to provide pre-suit notification" without filing plea for abatement); *see also Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) ("[D]istrict court erred when it dismissed, rather than abated . . . ."). As the Defendant did not follow the statutory procedures for abatement, the Court finds any issues regarding the Plaintiff's compliance with the TDTPA's pre-suit notice provisions waived.[4]

---

[3] "Other notice, such as actual or oral notice, is insufficient because it does not comply with the statutory insistence upon reasonably certain specificity." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992); *HOW Ins. Co. v. Patriot Fin. Servs. of Tex., Inc.*, 786 S.W.2d 533, 537 (Tex. Ct. App. 1990).

[4] The policies behind the notice provision are not disserved by the Court's determination, as the Defendant has had sufficient notice of the terms of the Plaintiff's suit for over a year-and-a-half. *See Star–Tel, Inc. v. Nacogdoches Telecomms., Inc.*, 755 S.W.2d 146, 149 (Tex. Ct. App. 1988) (finding same).

The second hurdle is whether the TDTPA claim survives summary judgment based upon the evidence presented. A claim for violation of the TDTPA is "subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997). To meet the requirements of Rule 9(b), a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177 (citing *Mills v. Polar Molecular 178 Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) ("Rule 9(b) requires the plaintiff to allege 'the particular of time, place and contents of false representations . . . ."). A statement is not actionable under the TDTPA if it is puffery or an opinion. *Pennington v. Singleton*, 606 S.W.2d 682, 686 (Tex. 1980); *Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 462–63 (Tex. Ct. App. 1990). To decide whether a statement is puffery or opinion, a court should first consider the specificity of the statement (i.e., "sales talk" versus an express warranty) and its context, and then consider the disparity of knowledge between the parties. *See Autohaus*, 794 S.W.2d at 463–64.

In *Autohaus*, an automobile buyer negotiated with a seller for a custom ordered Mercedes 420SEL with certain specifications. *Id.* at 460. During their negotiations, the seller's salesman stated that the car: "(1) was the best engineered car in the world; (2) probably would not have mechanical difficulties; and (3) probably would only need servicing for oil changes." *Id.* at 464. Shipment problems led the buyer to accept a different Mercedes 420SEL model that was readily available on the lot but was later plagued with a laundry list of mechanical and cosmetic problems. *Id.* at 460. The buyer sued under the TDTPA but the Texas Court of Appeals found that the individual statements and the statement as a whole were not actionable

misrepresentations because the use of words like "best" and "probably" qualified them as general statements that were "so indefinite." *See id.* at 464–65. To hold that such general statements violated the TDTPA would "unduly limit[ salesmen] in saying anything about their products." *Id.* at 464; *see also Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.3d 674, 676–77 (5th Cir. 1986) (motion picture producers' statement that soon-to-be released movie would be a "blockbuster" was not actionable under TDTPA); *Garza v. State Farm Lloyds*, No. 7:13-CV-112, 2013 WL 3439851, at *5 (S.D. Tex. July 8, 2013) (insurer's description of itself as "a quality insurance company, a reputable insurance company, with few complaints" was not actionable under TDTPA); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 851–52 (S.D. Tex. 2011) (website's description of company as "world's leading diversified manufacturer of motion and control technologies and systems, providing precision-engineered solutions" was not actionable under TDTPA).

Here, the Plaintiff premises her TDTPA claim on certain statements contained within the Defendant's sales brochure, specifically that the Defendant's RV:

"[P]rovided 'unmatched quality, luxury and livability'";

"[W]ould surround the owner with 'the finer things' in an RV";

Had a quality that was "exactly what you should expect from the most recognized name in fifth wheel" RVs;

"Had an innovative arched roof";

Included a "living room" that "brings you everything but the popcorn"; and

"[W]as built tough and durable and that 'the final quality is a direct result of the quality of its parts' and that its 'Old World craftsmen are the finest in the industry and continually strive to provide a level of fit and finish second to none.'"[5]

---

[5] The Plaintiff's Response also cites the statement that the Defendant's "engineers analyze every component to ensure years of trouble-free enjoyment." (Resp. 9, ECF No. 46.) But because the Plaintiff failed to allege this particular statement in her pleadings, the Court need not consider it. *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000); *Hood v. Dryvit Sys., Inc.*, No. 04-CV-3141, 2005 WL 3005612, at *4

(Am. Compl. ¶¶ 11–16.) None of these statements are actionable misrepresentations under Texas law. The use of qualifying words in these statements like "unmatched," "finer," and "innovative" render them "so indefinite and general" as to be the puffery that a salesman would use in a pitch, rather than specific guarantees about the product's functionality. *Autohaus*, 794 S.W.2d at 464–65. The statement that "Old World craftsmen are the finest in the industry" who will provide "fit and finish second to none" is highly subjective and indicative of a statement of opinion, and not at all a quantifiably measureable statement. *See Presidio*, 784 F.3d at 676–77. Similarly, the statement that an RV has "exactly what you should expect" is nothing more than opinion. *See Garza*, 2013 WL 3439851, at *5. Finally, the statement that the living room "brings you everything but the popcorn," when taken in the context of a sales brochure, amounts to nothing more than a salesman's pitch. *See Autohaus*, 794 S.W.2d at 464–65.

Without offering any evidence that the Defendant made actionable misrepresentations, the Plaintiff has not presented evidence on which a reasonable jury could rely to find in her favor. There is no genuine dispute as to any material fact, and the Defendant is entitled to judgment as a matter of law on the Plaintiff's TDTPA claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [ECF No. 42]. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff.

---

(N.D. Ill. Nov. 8, 2005) ("Plaintiff cannot rely on his opposition brief to add specificity to allegations in the Complaint which should have been pled with particularity at the outset . . . .").

SO ORDERED on January 13, 2017.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION